The Honorable Percy Malone State Senator 518 Clay Street Arkadelphia, Arkansas 71923-6024
Dear Senator Malone:
I am writing in response to your request for an opinion on the proper construction of A.C.A. § 14-47-135. That statute appears in a subchapter of the Arkansas Code governing cities with the city manager form of government. You note that the statute provides as follows:
14-47-135. Relations barred from employment.
 No person shall hold an appointive position or employment in the pay of the city if that person is related by blood or marriage in the third degree either to a member of the board of directors or to the city manager. Provided, however, this prohibition shall not prevent a person who holds an appointive or employment position with the city at the time the person's relative becomes city manager or a member of the board of directors from continuing in that position or employment.
You ask whether "this statute appl[ies] to all appointed positions that the Board of Directors must vote to confirm or select to fill upon recommendation from the City Manager, regardless of being advisory or created by ordinance," and "if there are exceptions to this statute, what are they?"
RESPONSE
In my opinion a conclusive response to this question would require reference to the specific position in question. As a general matter, however, the language of the statute encompasses anyone holding an appointive position or employment with the city. In my opinion this language is broad enough to include advisory positions and positions created by ordinance. There are no listed exceptions from the relevant language.
A similar question was addressed by one of my predecessors. In Op. Att'y. Gen. 90-160, a question was posed under A.C.A. § 14-47-137, a statute addressing certain conflicts of interest in cities with the city manager form of government. That statute prohibits officers and employees of such cities from being interested in certain contracts with the city, unless an ordinance specifically provides otherwise. The question posed in Opinion 90-160 was whether the conflict of interest statute applied to "certain advisory committees" appointed by the city on its own initiative and which were "not operating pursuant to independent authority granted by state law but which are appointed for the purpose of assisting the city manager and board of directors in making recommendations in certain areas of expertise." Opinion 90-160 concludes:
 A conclusive response to this question would require consideration of the facts and circumstances surrounding each position. As a general matter, however, it may reasonably be concluded that Section 14-47-137
encompasses anyone who holds an appointive position or employment in the pay of the city. See generally A.C.A. 14-47-135. The term "officer" under Section 14-47-137 probably also includes the members of every city board, authority, or commission, whether the board, authority, or commission was established by statute or local ordinance. See generally, A.C.A. 14-47-108(a)(2)(C).
Id. At 5.
In my opinion a similar conclusion obtains under the nepotism provision of A.C.A. § 14-47-135. The statute applies to all "appointive position[s]" or "employment[s] in the pay of the city." In my opinion this language includes members of advisory committees, as long as they are "appointive positions," and also includes appointive positions created by local ordinance rather than by state law. The statute does not list any exception to this requirement, other than the instance in which the employee or appointee held the position at the time the employee or appointee's relative became a city manager or director.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh